UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Kali Calloway, individually and on behalf of others similarly situated,** | Case No.: |
| | **CLASS ACTION** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681 ET SEQ.** |
| v. | |
| **The Altitude Group d/b/a CoreHome Security LLC,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

2. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to insure fair and accurate reporting, promote

1

efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Plaintiff Kali Calloway ("Plaintiff"), through Plaintiff' attorneys, brings this action to challenge the actions of The Altitude Group d/b/a CoreHome Security LLC ("Defendant"), regarding Defendant's unauthorized and unlawful credit inquiry, and this conduct causing Plaintiff's damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to a plaintiff's counsel, which Plaintiff allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by

Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

9. Because Defendant is a limited liability company within the State of Florida and conducts business in Florida, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as the Defendant conducts a substantial amount of business within the Southern District of Florida.

## PARTIES

11. Plaintiff Kali Calloway is a natural person who resides in the State of Alabama.

12. Defendant is a the company headquartered in Boca Raton, Florida and carries out daily transactions with numerous customers in the Southern District of Florida.

13. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## THE FCRA

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with

fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. See 15 U.S.C. § 1681b(a)(3)(A)-(F).

22. Additionally, a consumer report is furnished for a permissible purpose when the party requesting the report "has a legitimate business need for the information in connection with a business transaction involving the consumer." See *Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492 (S.D.N.Y. 1998).

### GENERAL ALLEGATIONS

23. At all times relevant, Plaintiff was an individual residing within the State of Alabama.

24. On February 8, 2023, Plaintiff received a marketing prerecorded voice call from Smart Alarm System, during which inquiries were made about home ownership and existing alarm systems.

25. During this call Plaintiff was transferred to a manager who told Plaintiff she qualified for an alert system but needed to verify some information. Plaintiff proceeded to tell the manager her full name, address, phone number, and email. Plaintiff did not provide her social security number and was not told that the Defendant was going to check her credit.

26. Upon receipt of Plaintiff's information, the manager began to request payment options for a new security system. Plaintiff refused and told

the manager she wanted to discuss with her husband before making any decisions.

27. That same day, after the call concluded, Plaintiff received a text message from Arthur, a CoreHome representative, offering services. Plaintiff explicitly expressed disinterest and requested to not be called again.

28. On February 9, 2023, Plaintiff was alerted by her credit monitoring service to the opening of a new account in her name. Plaintiff discovered that ISPC, the finance company of Defendant, had opened an account associated with CoreHome Security.

29. A review of the credit reports indicated unauthorized credit inquires. TransUnion noted "CoreHome Security" appeared in the Account Review inquiries section. Experian additionally noted that ISPC logged a hard inquiry to Plaintiff's credit.

30. Defendant submitted an unauthorized credit report inquiry to TransUnion and Equifax. Plaintiff did not authorize CoreHome or ISPC to conduct hard credit inquiries.

31. Plaintiff promptly contacted ISPC and confirmed the account's connection to Defendant.

32. In response to her call, a representative from CoreHome texted Plaintiff asking why she had called in. Plaintiff told the representative that she never gave them permission to run her credit.

33. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

34. Because Plaintiff had refused to purchase Defendants' services, Defendant had no legitimate business need for the information. Therefore, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated (the "Class").

36. Plaintiff represent, and are a member of the Class, consisting of:

    All persons with an address within the United States whose consumer credit report was obtained by Defendant for an Account Review Inquiry , without the person's permission within the two years prior to the filing of this Complaint.

37. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

39. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to

the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

42. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged; and

43. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

44. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on their credit report, each named Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for

irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## COUNT I

## **V**IOLATIONS OF THE **FCRA 15 U.S.C. §§ 1681 ET SEQ.**

### (O**N** B**EHALF OF** P**LAINTIFF AND THE** C**LASS**)

49. Plaintiff and the putative class repeat, re-allege, and incorporate by reference, all other paragraphs

50. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

51. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

52. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2);

and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I
### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §§ 1681 ET SEQ.

a) An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

b) An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

c) An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

d) An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

///
///
///
///

## TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: March 13, 2024                                  Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni
Florida State Bar No. 1034549
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride
Florida State Bar No. 1010101
**Kazerouni Law Group, APC**
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com